IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| POPPY MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:19-cv-01080 |
| v. ) | |
| ) | |
| INSITUFORM TECHNOLOGIES, LLC, ) | Judge Richardson |
| ) | Magistrate Judge Frensley |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

The parties, through their respective counsel, submits for entry this protective order regarding confidentiality in order to facilitate discovery and protect the private information relating to non-parties, which information is entitled to be protected by court order against disclosure to third parties.

For good cause shown, it is hereby ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), as follows:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means:

a. Human resources and personnel records and other personal information regarding non-parties to this litigation, including Defendant's current and former employees other than Plaintiff, applicants, and third parties, including but not limited to:

1

home addresses, telephone numbers, Social Security numbers, health records, vacation, disability and other leave requests, attendance records, job history, job performance, counseling records, disciplinary documentation, investigations, wages earned and benefits received; and

  b. Non-public, confidential, commercially-sensitive or proprietary information and documents regarding the Defendant's business operations, including, but not limited to, information about the Defendant's customers, vendors, subcontractors, financial condition, business relationships, job descriptions, organizational structure, policies, programs, methods and/or procedures, practices, training materials, intellectual property, or other information and documentation which, if publicly disclosed, could, to the detriment of Defendant, provide Defendant's and Defendant's affiliates' competitors' insight into the day-to-day processes and procedures utilized by Defendant and its affiliates to operate their businesses.

  3. For purposes of this Order: "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information. "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation. "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

  4. To designate Confidential Information on Documents, the Producing Party shall place a stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it

2

contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript. The terms of this Protective Order shall apply both retroactively and prospectively to all documents produced and designated as "Confidential" in this case, whether the documents were designated as "Confidential" before the entry of this Protective Order, or after the entry of this Protective Order.

     5.     The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

     a)     the parties;

     b)     the Court and its officers (including court reporters) when done so in compliance with Paragraph 8;

     c)     counsel of record for the parties and employees of counsel in this action who have been actively engaged in the conduct of this litigation; and

     d)     court reporters or other official personnel reasonably required for the preparation of transcripts or testimony.

     6.     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

     7.     Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient, with the exception of the Court, shall return to

3

Case 3:19-cv-01080   Document 15   Filed 07/01/20   Page 3 of 6 PageID #: 68

the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information.

8. Confidential Information will not be filed in the public record in this litigation. Any party may request leave of Court to have Confidential Information filed under seal on the Electronic Case Filing system, to be made available only to Qualified Persons, Judges of the Court and their staff, and the Clerk of the Court and his or her staff, and employees of the Court, subject to continued filing under seal or unsealing upon further Order of the Court. However, any party requesting that documents or portions of documents be sealed must comply with Section III.E of Magistrate Judge Frensley's Practice and Procedure Manual, which requires the requesting party to demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. Any motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-607, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (*quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299, 305-06 (6th Cir. 2016)). Confidential Information filed with or submitted to the Court in such manner shall be conspicuously marked "Confidential" and/or "Subject to Protective Order."

9. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

10. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the

4

Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

      11.     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

      IT IS SO ORDERED this 1st day of July, 2020.

                                              MAGISTRATE JUDGE FRENSLEY

Respectfully submitted this 30th day of June 2020,

| | |
|---|---|
| */s/ Mathew Zenner (with permission)* <br> Mathew R. Zenner (018969) <br> ZENNER LAW, PLLC <br> 320 Seven Springs Way, Suite 250 <br> Brentwood, TN 37027 <br> mrzennerlaw@gmail.com <br><br> Counsel for Plaintiff | */s/ Anne T. McKnight* <br> Jonathan O. Harris, TN #021508 <br> Anne T. McKnight, TN #026476 <br> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. <br> SunTrust Plaza <br> 401 Commerce Street, Suite 1200 <br> Nashville, TN 37219-2446 <br> Telephone: 615-254-1900 <br> Facsimile: 615-254-1908 <br><br> Attorneys for Defendant Insituform Technologies, LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, the foregoing was filed electronically with the Clerk of the Court to be served upon the following electronically via the Court's CM/ECF system:

Mathew R. Zenner
ZENNER LAW, PLLC
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
mrzennerlaw@gmail.com

*/s/ Anne T. McKnight*

43142761.1